**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**CHRISTINE ORTEGA**                                                                 **PLAINTIFF**

**v.**                                        **Case No. 3:13-cv-00197-KGB**

**TA OPERATING LLC d/b/a/**
**TRAVELCENTERS OF AMERICA**
**and JOHN DOES 1-5**                                                      **DEFENDANTS**

**OPINION AND ORDER**

On September 4, 2013, plaintiff Christine Ortega filed this action alleging premises liability on the part of defendant TA Operating LLC d/b/a/ TravelCenters of America ("TravelCenters") (Dkt. No. 1).  TravelCenters filed a motion for summary judgment (Dkt. No. 9).  Ms. Ortega has filed a response (Dkt. No. 14), to which TravelCenters has replied (Dkt. No. 18).  For the reasons below, the Court denies TravelCenters's motion for summary judgment

### I.      Factual Background

Unless otherwise noted and specified by citation, the following facts are undisputed and taken from TravelCenters's statement of undisputed facts (Dkt. No. 11) and Ms. Ortega's opposition to TravelCenters's statement of undisputed fact (Dkt. No. 16).

On March 13, 2006, Ms. Ortega and her husband, Mr. Ortega, long-haul commercial truck drivers, stopped at the TA Truck Stop in Earle, Arkansas (Dkt. No. 16, at 2).  Ms. Ortega fell while exiting an exterior doorway at the premises, which was owned and operated by TravelCenters.  On the other side of the doorway, there was a single eight-inch step down that Ms. Ortega did not see before her fall.  There were no warnings or cautions to take special care.

Ms. Ortega describes the doors as "double hung metal cross-buck design . . . containing glass window inserts on the upper [half]," with doors hinged to be opened outward (Dkt. No. 16, at 3).  She describes the threshold walkway as consisting of a "concrete slab [that] terminated at

the edge of the cinder block exterior wall of the building" (*Id.* at 4).  Where the slab terminated, she states that there was a "drop off" of 8 inches and that "the approximate width of the slab extension past the doors, when closed, was likewise 8 [inches]" (*Id.*).

TravelCenters contends that the step differs in color from the ground below, which also had a black floor mat that added further contrast (Dkt. No. 11, at 3).  Ms. Ortega claims that the slab extension was "discolored and black," that the exterior walkway and floor mat that abutted the slab extension also were dark in color, and that "the ledge was so small that there did not appear to be a step there" (Dkt. No. 16, at 4).  Ms. Ortega also claims that it was dusk so that it was dark outside and that there was no lighting near the exterior (*Id.*).  Lastly, she claims that she and her husband had never before visited the building or viewed the doorway from the outside (Dkt. No. 16, at 2, 4).

## II.      Legal Standard

Summary judgment is proper if the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and that the defendant is entitled to entry of judgment as a matter of law.  Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A factual dispute is genuine if the evidence could cause a reasonable jury to return a verdict for either party.  *Miner v. Local 373*, 513 F.3d 854, 860 (8th Cir. 2008).  "The mere existence of a factual dispute is insufficient alone to bar summary judgment; rather, the dispute must be outcome determinative under prevailing law."  *Holloway v. Pigman*, 884 F.2d 365, 366 (8th Cir. 1989).  However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings.  *Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir. 1984).  The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact.  *Celotex Corp.*, 477 U.S. at 323.  The burden then shifts to the nonmoving

party to establish that there is a genuine issue to be determined at trial. *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 366 (8th Cir. 2008). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### III.    Analysis

Under Arkansas law, a property owner owes a general duty to exercise ordinary care to maintain his premises in a reasonably safe condition for the benefit of invitees. *Young v. Paxton*, 873 S.W.2d 546, 661-62 (Ark. 1994). Similarly, the duty to warn an invitee of a dangerous condition applies only to "defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are known to the invitor but not known to the invitee and would not be observed by the latter in the exercise of ordinary care." *Kroger Co. v. Smith*, 218 S.W.3d 359, 363 (Ark. Ct. App. 2005) (citations omitted). An "invitee" is a person who is "induced to come onto the property for the business benefit of the possessor." *Bader v. Lawson*, 898 S.W.2d 40, 42 (Ark. 1995) (citations omitted). An exception to this duty exists "when the danger is either known or obvious to the invitee" or "so apparent that he may reasonably be expected to discover them and be fully able to look out for himself." *Young*, 873 S.W.2d at 661-62 (quoting *Ramsey v. Am. Auto. Ins. Co.*, 356 S.W.2d 236, 238 (1962)). However, this exception may not apply in certain circumstances where the property owner "should reasonably anticipate that the invitee will be exposed to the danger despite his knowledge of it or its obvious nature." *Van DeVeer v. RTJ, Inc.*, 101 S.W.3d 881, 884, 886-87 (Ark. Ct. App. 2003). "Under this rule, the basis of a defendant's liability is superior knowledge of an unreasonable risk of harm of which the invitee, in the exercise of ordinary care, does not or should not know." *Jenkins v. Hestand's Grocery, Inc.*, 898 S.W.2d 30, 31 (Ark. 1995).

TravelCenters argues that the dangerous condition was "open and obvious" because it was a single step approximately eight inches high of a different color than the ground immediately below.  TravelCenters appears to argue further that, because people are required to negotiate such steps in everyday life, Ms. Ortega may reasonably be expected to discover it and look out for herself.  TravelCenters cites non-controlling case law to support its arguments.

Genuine issues of material fact exist as to whether the dangerous condition here was "open and obvious" and discoverable through the exercise of ordinary care.  Ms. Ortega genuinely disputes that the step was of a different color than the ground immediately below.  Ms. Ortega contends that, from an exiting customer's view looking downward, the step was discolored and blackened, matching the ground and mat underneath.  Ms. Ortega also contends that the step did not provide enough space to accommodate a non-moving human foot, much less a person walking through the door.  When viewed in the light most favorable to Ms. Ortega, this Court determines that a reasonable juror could conclude that the photos of the doorway taken after the fall tend to support Ms. Ortega's contentions.  Ms. Ortega also argues that the accident occurred at dusk, without adequate lighting near the exterior of the exit, making it dark enough outside to compound the allegedly dangerous condition.  Lastly, Ms. Ortega claims that an exiting customer's view of the drop-off and ground below was completely obscured by the bottom half of the door.

In support, Ms. Ortega cites *Van DeVeer*, 101 S.W.3d at 884.  In *Van DeVeer*, the Arkansas Court of Appeals held that summary judgment was inappropriate as to whether the dangerous condition created by stairs with no landing was "open and obvious" because the fact that the stairs had no landing was at least partially hidden by the door when it was closed.  *Id.* at 885-86.  Because the door opened away from the person entering, a reasonable person in

plaintiff's position "might well have taken a couple of steps forward while pushing the door open and fallen before noticing the drop-off." *Id.* at 886.   According to the court, even if the dangerous condition was open and obvious, whether the property owner "should have reasonably anticipated the harm, despite the known or obvious nature of the dangerous condition, is a question of fact for the jury that cannot be decided on summary judgment." *Id.* at 887.

Though Arkansas Court of Appeals opinions are not controlling here, this Court finds *Van DeVeer* persuasive.  The Court rejects TravelCenters' argument that *Van DeVeer* should be distinguished based on the dangerous condition here not involving a hidden staircase or absent landing but a single step with an eight-inch edge.   Further, TravelCenters's claim that any reasonable person could see that there was a slight drop-off through the window of the door is genuinely disputed by Ms. Ortega.  Lastly, none of the cases cited by TravelCenters involve a dangerous condition stemming from an allegedly hidden step or staircase in the same way as the step was allegedly hidden here or contradict the principles found in *Van DeVeer*.  *See, e.g.*, *Mohn v. Schussler*, No. CX-96-1364, 1996 WL 734855, at *1 (Minn. Ct. App. 1996) (finding that step was not an open and obvious hazard because "the step was in plain view"); *Bertrand v. Alan Ford, Inc.*, 537 N.W.2d 185, 189 (Mich. 1995) (finding that, despite the fact that the danger was obvious or known to the plaintiff, the court had to determine whether a genuine issue of material fact existed as to whether the risk of falling was unreasonable because "where there is something unusual about the steps, because of their 'character, location, or surrounding conditions,' then the duty of the possessor of land to exercise reasonable care remains").

Thus, taking all of the record evidence and viewing it in the light most favorable to Ms. Ortega, this Court concludes that a reasonable juror could determine among other things, as Ms. Ortega contends, that the dangerous condition created by the stair was at least partially hidden by

the door when it was closed and that a reasonable person in Ms. Ortega's position "might well have taken a couple of steps forward while pushing the door open and fallen before noticing the drop-off."  For these reasons, summary judgment is not appropriate as to whether the dangerous condition was "open and obvious" or as to the duty TravelCenters owed to Ms. Ortega.  *Id.* at 885-86.  Accordingly, TravelCenters's motion for summary judgment is denied.

SO ORDERED this the 9th day of March, 2015.


Kristine G. Baker
United States District Judge